IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES NEWMAN, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> JAMES HOREL, Warden, ) <br> ) <br> Respondent. ) <br> ) | No. C 06-04750 JW (PR) <br><br> ORDER DISMISSING PETITION AS MOOT |

Petitioner, a state prisoner currently incarcerated at the Folsom State Prison in Represa, California, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a prison disciplinary hearing at Pelican Bay State Prison ("PBSP") that resulted in the forfeiture of good time credits. Finding the petition stated cognizable claims under § 2254, the Court ordered respondent to show cause why the petition should not be granted. Respondent has filed an answer arguing the petition should be dismissed as moot. Petitioner has not filed a traverse.

## **BACKGROUND**

Petitioner was found guilty in a prison disciplinary proceeding of making false allegations against a peace officer while housed at PBSP. (Pet. 8.) Petitioner

was assessed 60 days credit forfeiture. Petitioner alleges that his due process rights were violated during the prison disciplinary hearing, and seeks relief by way of dismissal of the rule violation report ("RVR"), expungement of the RVR from his central file, and restoration of the forfeited credits.

Respondent asserts that the petition should be dismissed as moot because petitioner has since filing the instant petition received the relief requested, i.e., the "serious rule violation was dismissed, a modification order was issued, and [petitioner]'s classification score was adjusted to reflect the restoration of credits." (Resp't at 3.) Plaintiff has filed no traverse in response to the answer.

## DISCUSSION

Respondent argues that the action should be dismissed as moot because the subsequent restoration of credits means that there is no longer an existing case or controversy. Respondent contends that there is no further relief this Court can grant petitioner.

Article III, § 2, of the Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation, the plaintiff (or petitioner) "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990).

An incarcerated convict's challenge to the validity of his conviction satisfies the case-or-controversy requirement, because the incarceration (or the restrictions imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by the invalidation of the conviction. Spencer v. Kemna, 523 U.S. 1, 7 (1998). Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole--some "collateral consequence" of the conviction--must exist if the suit is to

Order Dismissing Petition as Moot
P:\PRO-SE\SJ.JW\HC.06\Newman04750_dismiss-moot.wpd    2

1 be maintained and not considered moot.  Id.  Continuing collateral consequences
2 may be either proven or presumed.  Id. at 8.

3 Although courts may presume that a criminal conviction has continuing
4 collateral consequences, see Spencer, 523 U.S. at 8-12 (noting that Supreme Court
5 has been willing to accept hypothetical collateral consequences for criminal
6 convictions), this presumption, however, does not extend to other contexts.  See id.,
7 523 U.S. at 13.  In petitioner's case, the presumption of collateral consequences does
8 not extend to prison disciplinary proceedings.  Wilson v. Terhune, 319 F.3d 477,
9 481 (9th Cir. 2003).  A prisoner seeking to challenge prison disciplinary proceedings
10 in habeas must demonstrate that continuing collateral consequences exist if the
11 punishment imposed as a result of the disciplinary action has expired.  See id.

12 Petitioner does not meet any exceptions that could allow petitioner's habeas
13 petition to survive the general mootness inquiry.  The loss of good-time credits has
14 since been restored such that there is no longer an injury for this court to redress.
15 See Spencer, 523 U.S. at 1, 7.  The Court has reviewed the supporting documents
16 with respect to the restoration of credits: 1) the Second Level Appeal Response
17 regarding the RVR; 2) the modification order issued by the Inmate Appeals Office;
18 and 3) a classification call sheet which reflects the adjustment to plaintiff's
19 classification score.  (Resp't Ex. 4 at 1-3.)  The Court is satisfied that petitioner's
20 forfeited credits from the challenged RVR have been restored.

21 Since the injury has "ended," there must exist some continuing collateral
22 consequence for petitioner's suit to be maintained and not considered moot.  Id.  The
23 presumption of collateral consequences does not apply since petitioner is
24 challenging the finding of a disciplinary hearing and not his conviction.  See Wilson,
25 319 F.3d at 481.  Therefore it is petitioner's burden to prove collateral consequences
26 exist.  Id.  Petitioner has failed to do so.  Accordingly, the petition is dismissed as
27 moot.
28 ///

## **CONCLUSION**

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED as moot.

DATED: February 11, 2008

JAMES WARE
United States District Judge